# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAZARIY KMET,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN DAVID ORTIZ, et al.,<br><br>    Respondents. | Civil Action<br>No. 19-9185 (RBK)<br>No. 19-19307 (RBK)<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |
| NAZARIY KMET,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF THE D.H.S., et al.,<br><br>    Respondents. | |

Before the Court are Petitioner's motions[1] for a preliminary injunction from Civil Action Nos. 19-9185 (ECF Nos. 9, 10) and 19-19307 (ECF Nos. 4, 5). The Court ordered and received an answer in Civil Action 19-9185, and that matter is still pending before the Court. During the pendency of that matter, Petitioner filed a second § 2241 Petition, Civil Action No. 19-19307, which also seeks to challenge Petitioner's alleged immigration detainer and his continued detention. The primary difference between the two Petitions is that the second Petition also seeks release into home confinement.

---

[1] Petitioner filed the same motion for a preliminary injunction and an amended motion expanding on the subject, in each case.

In the instant motions, Petitioner seeks to enjoin Respondents, as well as the Bureau of Prisons,[2] from transferring him to a facility in Baldin, Michigan. Petitioner erroneously relies on one line from *Ex parte Catanzaro*, 138 F.2d 100, 101 (3d Cir. 1943), which states, "[i]f Writ Refused. Pending review of a decision refusing a writ of habeas corpus, the custody of the prisoner shall not be disturbed."

In *Catanzaro*, the Third Circuit was referring to the then existing version of one of that Court's rules. *Id*. The present version of the rule, Federal Rule of Appellate Procedure 23(a), similarly states that "[p]ending review of a *decision* in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody . . . unless a transfer is directed in accordance with this rule." (emphasis added).

Petitioner cannot rely on this rule, however, as this Court has not yet decided his Petitions, *i.e.*, this Court has not yet "refused" his Petitions for writ of habeas corpus. Consequently, he cannot have a decision pending review on appeal before the Third Circuit, and the appellate rule limiting transfers does not apply.

Additionally, Petitioner's motions fail under traditional preliminary injunction principles. "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Even assuming that Petitioner succeeds in these suits, Petitioner's transfer to a different facility does not meet the "irreparable harm" factor. *See id.* Petitioner characterizes the transfer to

---

[2] The Bureau of Prisons is not a party in either case.

Michigan as generally "damaging" and a "distraction," but fails to explain how or why this would cause him irreparable harm. (Civ. No. 19-9185, ECF No. 10, at 2). Because Petitioner has not satisfied this factor, it is not necessary to discuss the other factors to obtain a preliminary injunction, and the Court will deny Petitioner's motions. *Shah v. Shah*, No. 12-4648, 2013 WL 5793445, at *1 (D.N.J. Oct. 28, 2013).

THEREFORE, it is on this  5th  day of December, 2019, hereby

**ORDERED** that Petitioner's motions for a preliminary injunction in Civil Action No. 19-9185 (ECF Nos. 9, 10), are DENIED; and it is further

**ORDERED** that Petitioner's motions for a preliminary injunction in Civil Action No. 19-19307 (ECF Nos. 4, 5), are DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve Petitioner with a copy of this Memorandum Opinion and Order via regular U.S. mail.

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge