UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAZARIY KMET,

    Petitioner,

v.

SECRETARY OF THE D.H.S., et al.,[1]

    Respondents.

Civ. No. 19-19307 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, an inmate formerly confined at FCI Fort Dix, in Fort Dix, New Jersey, filed a Petition under 28 U.S.C. § 2241, primarily challenging his immigration detainer. (*See* ECF No. 1). The Court has examined the Petition and supporting documents in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[2] For the reasons discussed below, the Court will dismiss Petitioner's immigration detainer claims for lack of jurisdiction and deny Petitioner's due process claims with respect to the Residential Drug Abuse Program.

---

[1] Generally, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Because the Court will otherwise dismiss or deny the Petition, the Court will treat the matter as if Petitioner had properly named the warden of FCI Fort Dix.

[2] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the judge must dismiss the petition and direct the Clerk of Court to notify the petitioner.

# I. BACKGROUND

As an initial matter, the Court notes that Petitioner has filed two § 2241 petitions, asserting essentially the same claims,[3] (Civ. Nos. 19-19307 & 19-9185), and the Government has filed an Answer in Civil Action No. 19-9185. Although the Court will issue two separate Opinions, the Court will incorporate information from both matters.

On March 31, 2015, the United States District Court for the Eastern District of Pennsylvania sentenced Petitioner to seventy-two months in prison for healthcare fraud and related offenses. Petitioner has or had legal permanent resident status in the United States.

While serving his sentence, the Department of Homeland Security (DHS) lodged a detainer against him, because there was reason to believe that Petitioner was "an alien subject to removal from the United States" because of his felony conviction. (Civ. No. 19-9185, ECF No. 7, at 2–3).

In December of 2015, DHS removed Petitioner's detainer while he appealed his criminal conviction but continued to monitor the status of Petitioner's appeal. Upon the removal of the detainer, Petitioner became eligible to participate in the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). The BOP administers the RDAP as an intensive treatment program to reduce the risk of relapse for participants. If a prisoner successfully completes the program, the BOP *may*, in its discretion, reduce a prisoner's sentence by up to one year. *See* 18 U.S.C. § 3621(e)(2); *Anderson v. Schultz*, No. 09-4683, 2010 WL 5017352, at *2 (D.N.J. Nov. 23, 2010). Prior to removing the detainer, Petitioner was ineligible for early release or to participate in the RDAP, because deportable aliens "are not eligible for [Residential Reentry Center ("RRC") placement], which is a critical component of the RDAP." (Civ. No. 19-9185, ECF No. 7, at 5; ECF No. 7-2, at 6–7).

---

[3] Petitioner focuses more on his immigration detainer in the instant Petition, while focusing more on his RDAP due process claims in his earlier petition. (Civ. No. 19-9185, ECF No. 1).

Petitioner participated in the RDAP and completed a substantial portion of it, but in August of 2018, DHS, through its enforcement arm, the United States Immigration and Customs Enforcement ("ICE"), lodged a new detainer against the Petitioner. The Third Circuit had dismissed Petitioner's criminal appeal, and in turn, the agencies sought to reinstate an active immigration detainer. As a result of the new detainer, Petitioner "could not complete the RRC placement component of [the] RDAP, and he was not eligible for early release." (Civ. No. 19-9185, ECF No. 7, at 6). Prior to those developments, the BOP had recommended Petitioner for placement in RRC or home confinement to start on February 12, 2019. Otherwise, Petitioner's projected release date is August 7, 2020.

On October 24, 2019, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241, challenging his detainer as legally invalid, as well as the loss of his discretionary sentence reduction under the RDAP. He requests that the Court declare his detainer invalid and either order his immediate release from BOP custody or entry into home confinement.

## II.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

Section 2241 of Title 28 of the United States Code permits a federal court to grant a writ of habeas corpus to a prisoner who is in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). A district court has jurisdiction to hear a petition pursuant to § 2241 *only* if the petitioner is "in custody." *James v. Dist. Attorney York Cnty.*, 594 F. App'x 66, 67 (3d Cir. 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Verde–Rodriguez v. Att'y Gen.*, 734 F.3d 198, 204 n.4 (3d Cir. 2013)).

### A. Immigration Detainer Claims

Section 2241 confers jurisdiction upon federal courts to hear petitions challenging pre-removal immigration detentions during the course of removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A prisoner who is presently serving a federal criminal sentence, however, is not "in custody" for purposes of § 2241 merely because ICE has lodged an immigration detainer against him or her. *See Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005). An "immigration detainer, which simply gives a prison notice that ICE is interested in the prisoner, is not sufficient to establish 'custody' for purposes of § 2241." *See, e.g.*, *James*, 594 F. App'x at 67.

With those principles in mind, Petitioner's detainer claims are facially meritless under § 2241. Petitioner is currently in custody pursuant to his federal criminal sentence and *not* his immigration detainer, *i.e.*, he is not presently in immigration detention during removal proceedings. Consequently, he cannot challenge the detainer because he is not "in custody" pursuant to that detainer, for the purposes of § 2241. *See James*, 594 F. App'x at 67; *Adams*, 148 F. App'x at 95. Accordingly, the Court will dismiss Petitioner's immigration detainer claims for lack of jurisdiction.

### B. RDAP Due Process Claims

Although Petitioner articulates such claims more specifically in his earlier petition, the Court will also construe the instant Petition as challenging the loss of his discretionary sentence reduction under the RDAP. Under that program, after "an inmate completes RDAP, the BOP has *discretion* to reduce what remains of his sentence by as much as one year." *Scott v. FCI Fairton*, 407 F. App'x 612, 615 (3d Cir. 2011) (per curiam) (emphasis added) (citing 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55). Stated differently, even if Petitioner successfully completed the program to perfection, the statute "still affords the Bureau complete discretion to require Petitioner to serve his full sentence." *Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005).

To the extent Petitioner contends that the BOP's decision violated his due process rights, Petitioner does not have a liberty interest in a reduction of his sentence under 18 U.S.C. § 3621(e). *See, e.g.*, *Jerome v. Grondolsky*, No. 09-2301, 2010 WL 624874, at *6 (D.N.J. Feb. 18, 2010) (citing *Magnin v. Beeler*, 110 F. Supp. 2d 338, 340 n. 2 (D.N.J. 2000)). Section 3621(e) does not create a liberty interest because the determination of whether to release a particular inmate is within the *discretion* of the BOP and does not speak in mandatory terms. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons."); *see also Lopez v. Davis,* 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); *Douvos v. Quintana,* 382 F. App'x. 119, 122 (3d Cir. 2009).

Nor does the Due Process Clause itself create a liberty interest in early release under § 3621(e) because requiring Petitioner to serve the remainder of his original sentence "is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." *Becerra v. Miner*, 248 F. App'x 368, 370 (3d Cir. 2007) (internal quotation marks omitted). Accordingly, the Court will deny Petitioner's due process claims with respect to the RDAP.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Petitioner's immigration detainer claims for lack of jurisdiction and deny Petitioner's due process claims with respect to the RDAP. An appropriate Order follows.


Dated: March  30  , 2020                           s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge